1  McCARTHY, JOHNSON & MILLER
     LAW CORPORATION
2  LORI A. NORD, ESQ., #87993
   595 Market Street, Suite 2200
3  San Francisco, CA  94105
   Telephone:  (415) 882-2992
4
   Attorneys for Plaintiffs
5

   UNITED STATES DISTRICT COURT

   NORTHERN DISTRICT OF CALIFORNIA

   BOARD OF TRUSTEES OF THE PLUMBERS  ) No. CV 08 1170 JCS
   AND STEAMFITTERS MANAGED HEALTH CARE )
   TRUST FUND; BOARD OF TRUSTEES OF THE ) **COMPLAINT FOR AUDIT ENTRY**
   U.A. LOCAL NO. 343 PENSION TRUST    ) **AND FOR MONEY**
   FUND; BOARD OF TRUSTEES OF THE U.A. )
   LOCAL NOS. 343 AND 355 DEFINED      )
   CONTRIBUTION PLAN; BOARD OF TRUSTEES )
   OF THE U.A. LOCAL NO. 343 JOURNEYMAN )
   AND APPRENTICE TRAINING TRUST FUND; )
   AND BOARD OF TRUSTEES OF THE U.A.   )
   LOCAL NO. 343 LABOR-MANAGEMENT      )
   COOPERATION COMMITTEE TRUST FUND,   )
                                       )
              Plaintiffs,               )
                                        )
        v.                              )
                                        )
   RAMCON COMPANY, INC., A CALIFORNIA  )
   CORPORATION                         )
                                        )
              Defendant.                )
   _____ )

                    **NATURE OF THE ACTION**

        1.   This action arises under the Employee Retirement Income
   Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1001, et
   seq.], and more particularly under Sections 1132 and 1145.  This
   action also arises under Section 301 of the Labor Management
   Relations Act ("LMRA") [29 U.S.C. § 185].  Plaintiffs allege that

   COMPLAINT FOR AUDIT ENTRY AND FOR MONEY                    Page 1

defendant has unlawfully refused to allow an audit and failed to make required payments to joint labor-management trust funds and employee benefit plans in violation of a collective bargaining agreement and certain trust agreements.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337. Pursuant to 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties. This is an action authorized and instituted pursuant to Sections 502 and 515 of ERISA [29 U.S.C. §§ 1132 and 1145] and Section 301 of the LMRA [29 U.S.C. § 185].

3. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## PARTIES

4. At all times material herein, each of the above-named plaintiffs, with the exception of the Board of Trustees of the U.A. Local No. 343 Labor-Management Cooperation Committee Trust Fund, (hereinafter referred to as "Trust Funds") was and is the Plan Administrator of employee benefit plans within the meaning of Section 3(3) of the Employee Retirement Income Security Act as amended (hereinafter "ERISA"), 29 U.S.C. Section 1002(3) and was and is, a fiduciary within the meaning of Section 3(2)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii), and the named fiduciary within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C. § 1004(a)(1). Plaintiff, Board of Trustees of the U.A. Local No. 343 Labor-Management Cooperation Committee Trust Fund, is a joint

1  labor-management trust fund organized pursuant to the provisions
2  of Section 302(c)(9) of the Labor Management Relations Act [29
3  U.S.C. § 186(c)(9)] and Section 6(b) of the Labor Management
4  Cooperation Act of 1978 [29 U.S.C. § 175a].  Each plaintiff has a
5  fiduciary duty to the employees of the defendant employer to
6  collect funds, to invest and administer said funds, and to protect
7  said funds from claims.  Plaintiffs' principal place of business
8  is in Vallejo, California.
9       5.   At all times material herein, defendant Ramcon Company,
10 Inc., a California corporation (hereinafter referred to as
11 "Employer") has been an employer within the meaning of the Na-
12 tional Labor Relations Act, as amended ("NLRA") [29 U.S.C. § 151,
13 et seq.], and more particularly under Section 152(2), and within
14 the meaning of ERISA, 29 U.S.C. § 1002(5).  At all times material
15 herein, Employer has been engaged in the construction industry in
16 California and, as such, has been engaged in commerce or in an
17 industry affecting commerce within the meaning of the NLRA [29
18 U.S.C. § 152(6) and (7)] and within the meaning of ERISA [29
19 U.S.C. § 1002(11) and (12)].
20      6.   At all times herein mentioned, Employer was and now is,
21 a corporation duly organized and existing under and by virtue of
22 the laws of the State of California.  Employer's principal place
23 of business is in San Carlos, California.

**STATEMENT OF FACTS**

25      7.   Within four years last past and within all time periods
26 relevant herein, Employer has been signatory to a collective
27 bargaining agreement with Local Union 343 of the United Associa-
28 tion of Journey and Apprentices of the Plumbing and Pipe Fitting

Industry of the United States, AFL-CIO (hereinafter "Local 343") and various trust agreements establishing each of plaintiff trusts. By said written agreements, Employer promised that he would pay fringe benefit contributions to the Trust Funds, at rates set forth by the agreements, for work performed by covered employees, which amounts would be paid to the Trust Funds at their place of business in Vallejo, California on or before the 20th day of each successive month.

8. Under the terms of the aforementioned agreements, Employer agreed to make contributions as required by those agreements and to be subject to and bound by all terms and conditions of the various trust agreements and further promised that in the event any monthly contributions were not paid when due, Employer would pay ten percent (10%) of the amount of the particular contributions due to each plaintiff, as and for liquidated damages and not as a penalty. Employer further agreed that the liquidated damages so assessed are increased, if applicable, to twenty percent (20%) in the event the employer does not pay the delinquent contributions owing before a lawsuit is filed. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to plaintiffs as a result of the nonpayment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represents a good faith effort to ascertain and compensate for the damages caused the plaintiffs by the nonpayment of said contributions. The liquidated damages are added to the principal sum due and unpaid as of the 20th of the month following the work month and the whole thereof shall bear

1  interest at the rate of twelve percent (12%) per annum from such
2  date until paid.
3      9.   The Trust Agreements authorize and obligate the trustees
4  to adopt appropriate collection procedures to enforce, by suit in
5  court or otherwise, the prompt payment of contributions to the
6  funds and to audit the books and records of any participating
7  employer to determine whether or not contributions are being made
8  in accordance with the trust agreements and the respective collec-
9  tive bargaining agreement.  Employer, in adopting the master
10 agreement and the trust agreements, agreed upon request of an
11 authorized representative of the Trust Funds, to permit auditors
12 designated by the Trust Funds to review any and all records
13 relevant to the enforcement of the provisions of the collective
14 bargaining agreement and the trust agreements.
15     10.  The Trust Funds have established an audit procedure that
16 involves a review of payroll records as well as a test of internal
17 controls in the employer's bookkeeping system.  The audit proce-
18 dure is intended to provide the basis of an opinion, according to
19 generally accepted auditing standards, by the independent certi-
20 fied public accounting firm who perform the audits whether appro-
21 priate contributions have been made for all compensable hours.
22     11.  The Trust Funds have demanded that Employer permit audit
23 entry for the period of August 1, 2006 through January 31, 2007.
24 Employer has refused to provide all of the records requested to
25 complete this audit.  In the absence of such audit and review of
26 Employer's books and records as demanded, plaintiffs are not able
27 to determine whether or not Employer has fully met all of its
28 obligations to report and pay trust fund contributions for each of

COMPLAINT FOR AUDIT ENTRY AND FOR MONEY                         Page 5

1  its employees.  Plaintiffs have no adequate or speedy remedy at
2  law.
3      12.  Employer further agreed to pay the cost of the audit if
4  the audit shows that it owes the lesser of $500.00 or 5% of all
5  contributions due during the period covered by the audit.  In
6  addition, Employer also agreed that if it failed or refused to
7  permit audit entry as required by the aforementioned agreements,
8  Employer would be responsible for all of the costs caused by that
9  failure to provide records, even if the audit shows no money due.
10     13. It has been necessary for plaintiffs to engage counsel
11 for the purpose of enforcing Employer's obligations under the
12 aforementioned agreements.  By said agreements, Employer agreed to
13 pay attorneys' fees and costs expended by the Trust Funds in
14 securing compliance, in addition to any other relief provided by
15 the court.  Plaintiffs are entitled to reasonable attorneys' fees,
16 auditor's fees, and other reasonable expenses incurred in connec-
17 tion with this matter due to the failure of defendant to submit to
18 audit entry as demanded by plaintiffs.
19     14.  Plaintiffs have complied with all conditions on their
20 part to be performed under the terms of the collective bargaining
21 agreement and the trust agreements.
22     WHEREFORE, plaintiffs pray judgment against Employer as
23 follows:
24     1.  For an order compelling Employer to submit to audit as
25 requested and to allow the inspection of the books, records,
26 papers and reports as set out in the audit request;
27     2.  For such damages by way of contribution shortages as are
28 disclosed by the audit;

1     3. For liquidated damages at the rate of twenty percent (20%) of the contributions shown due by the audit, plus interest on the whole sum due at the rate of twelve percent (12%) per annum from the due date until paid;

    4. For damages in a sum equal to the cost of performing the audit;

    5. For reasonable attorneys' fees; and

    6. For cost of suit and such other further relief as the Court deems just and proper.

Dated: *February 25, 2008*     McCARTHY, JOHNSON & MILLER
LAW CORPORATION

By: _____
LORI A. NORD
Attorneys for Plaintiffs

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Board of Trustees of the Plumbers and Steamfitters Managed Health Care Trust Fund, et al.

**DEFENDANTS**
Ramcon Company, Inc. A California Corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SOLANO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Lori A. Nord, Esq., McCarthy, Johnson & Miller, 595 Market St., #2200, San Francisco, CA 94105, (415) 882-2992

**ATTORNEYS (IF KNOWN)**

JCS ADR

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | PERSONAL PROPERTY | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | ☐370 Other Fraud | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐371 Truth in Lending | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐380 Other Personal Property Damage | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐675 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☒791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ diseb - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. § 185(a); 29 U.S.C. § 1132.
Action on a collective bargaining agreement for unpaid fringe benefit contributions due under contract.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 2/25/08          SIGNATURE OF ATTORNEY OF RECORD