1  McCARTHY, JOHNSON & MILLER
        LAW CORPORATION
2  LORI A. NORD, ESQ., #87993
   595 Market Street, Suite 2200
3  San Francisco, CA  94105
   Telephone:  (415) 882-2992
4
   Attorneys for Plaintiffs
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
   BOARD OF TRUSTEES OF THE PLUMBERS   )  No.  CV 08 1170 JCS
11 AND STEAMFITTERS MANAGED HEALTH CARE )
   TRUST FUND; BOARD OF TRUSTEES OF THE )  **FIRST AMENDED COMPLAINT FOR**
12 U.A. LOCAL NO. 343 PENSION TRUST     )  **AUDIT ENTRY AND FOR MONEY**
   FUND; BOARD OF TRUSTEES OF THE U.A.  )
13 LOCAL NOS. 343 AND 355 DEFINED       )
   CONTRIBUTION PLAN; BOARD OF TRUSTEES )
14 OF THE U.A. LOCAL NO. 343 JOURNEYMAN )
   AND APPRENTICE TRAINING TRUST FUND;  )
15 AND BOARD OF TRUSTEES OF THE U.A.    )
   LOCAL NO. 343 LABOR-MANAGEMENT       )
16 COOPERATION COMMITTEE TRUST FUND,    )
                                        )
17                                      )
                    Plaintiffs,         )
18                                      )
        v.                              )
19                                      )
   RAMCON COMPANY, INC., A CALIFORNIA   )
20 CORPORATION                          )
                                        )
21                                      )
                    Defendant.          )
22 _____)

23                      **NATURE OF THE ACTION**

24     1.   This action arises under the Employee Retirement Income

25 Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1001, et

26 seq.], and more particularly under Sections 1132 and 1145.  This

27 action also arises under Section 301 of the Labor Management

28 Relations Act ("LMRA") [29 U.S.C. § 185].  Plaintiffs allege that

1  defendant has unlawfully refused to allow an audit and failed to

2  make required payments to joint labor-management trust funds and

3  employee benefit plans in violation of a collective bargaining

4  agreement and certain trust agreements.

5  **JURISDICTION AND VENUE**

6  2.   Jurisdiction of this Court is invoked pursuant to 29

7  U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337.  Pursuant to 29

8  U.S.C. § 1132(f), this Court has jurisdiction without respect to the

9  amount in controversy or the citizenship of the parties.  This is an

10  action authorized and instituted pursuant to Sections 502 and 515 of

11  ERISA [29 U.S.C. §§ 1132 and 1145] and Section 301 of the LMRA [29

12  U.S.C. § 185].

13  3.   Venue is proper in this District pursuant to Section

14  502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and Section 301(a) of

15  the LMRA [29 U.S.C. § 185(a)].

16  **PARTIES**

17  4.   At all times material herein, each of the above-named

18  plaintiffs, with the exception of the Board of Trustees of the

19  U.A. Local No. 343 Labor-Management Cooperation Committee Trust

20  Fund,(hereinafter referred to as "Trust Funds") was and is the

21  Plan Administrator of employee benefit plans within the meaning of

22  Section 3(3) of the Employee Retirement Income Security Act as

23  amended (hereinafter "ERISA"), 29 U.S.C. Section 1002(3) and was

24  and is, a fiduciary within the meaning of Section 3(2)(A)(iii) of

25  ERISA, 29 U.S.C. § 1002(21)(A)(iii), and the named fiduciary

26  within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C.

27  § 1004(a)(1).  Plaintiff, Board of Trustees of the U.A. Local No.

28  343 Labor-Management Cooperation Committee Trust Fund, is a joint

1  labor-management trust fund organized pursuant to the provisions

2  of Section 302(c)(9) of the Labor Management Relations Act [29

3  U.S.C. § 186(c)(9)] and Section 6(b) of the Labor Management

4  Cooperation Act of 1978 [29 U.S.C. § 175a].  Each plaintiff has a

5  fiduciary duty to the employees of the defendant employer to

6  collect funds, to invest and administer said funds, and to protect

7  said funds from claims.  Plaintiffs' principal place of business

8  is in Vallejo, California.

9      5.   At all times material herein, defendant Ramcon Company,

10 Inc., a California corporation (hereinafter referred to as

11 "Employer") has been an employer within the meaning of the Na-

12 tional Labor Relations Act, as amended ("NLRA") [29 U.S.C. § 151,

13 et seq.], and more particularly under Section 152(2), and within

14 the meaning of ERISA, 29 U.S.C. § 1002(5).  At all times material

15 herein, Employer has been engaged in the construction industry in

16 California and, as such, has been engaged in commerce or in an

17 industry affecting commerce within the meaning of the NLRA [29

18 U.S.C. § 152(6) and (7)] and within the meaning of ERISA [29

19 U.S.C. § 1002(11) and (12)].

20      6.   At all times herein mentioned, Employer was and now is,

21 a corporation duly organized and existing under and by virtue of

22 the laws of the State of California.  Employer's principal place

23 of business is in San Carlos, California.

24                      **STATEMENT OF FACTS**

25      7.   Within four years last past and within all time periods

26 relevant herein, Employer has been signatory to a collective

27 bargaining agreement with Local Union 343 of the United Associa-

28 tion of Journey and Apprentices of the Plumbing and Pipe Fitting

1  Industry of the United States, AFL-CIO (hereinafter "Local 343")

2  and various trust agreements establishing each of plaintiff

3  trusts.  By said written agreements, Employer promised that he

4  would pay fringe benefit contributions to the Trust Funds, at

5  rates set forth by the agreements, for work performed by covered

6  employees, which amounts would be paid to the Trust Funds at their

7  place of business in Vallejo, California on or before the 20th day

8  of each successive month.

9       8.   Under the terms of the aforementioned agreements,

10 Employer agreed to make contributions as required by those agree-

11 ments and to be subject to and bound by all terms and conditions

12 of the various trust agreements and further promised that in the

13 event any monthly contributions were not paid when due, Employer

14 would pay ten percent (10%) of the amount of the particular

15 contributions due to each plaintiff, as and for liquidated damages

16 and not as a penalty.  Employer further agreed that the liquidated

17 damages so assessed are increased, if applicable, to twenty

18 percent (20%) in the event the employer does not pay the delin-

19 quent contributions owing before a lawsuit is filed.  At all times

20 herein mentioned it was, and now is, impracticable and extremely

21 difficult to fix the amount of actual damages to plaintiffs as a

22 result of the nonpayment of said contributions.  The amounts

23 agreed upon herein, as hereinbefore alleged, as and for liquidated

24 damages, represented and now represents a good faith effort to

25 ascertain and compensate for the damages caused the plaintiffs by

26 the nonpayment of said contributions.  The liquidated damages are

27 added to the principal sum due and unpaid as of the 20th of the

28 month following the work month and the whole thereof shall bear

1  interest at the rate of twelve percent (12%) per annum from such
2  date until paid.

3      9.    The Trust Agreements authorize and obligate the trustees
4  to adopt appropriate collection procedures to enforce, by suit in
5  court or otherwise, the prompt payment of contributions to the
6  funds and to audit the books and records of any participating
7  employer to determine whether or not contributions are being made
8  in accordance with the trust agreements and the respective collec-
9  tive bargaining agreement.  Employer, in adopting the master
10  agreement and the trust agreements, agreed upon request of an
11  authorized representative of the Trust Funds, to permit auditors
12  designated by the Trust Funds to review any and all records
13  relevant to the enforcement of the provisions of the collective
14  bargaining agreement and the trust agreements.

15      10.  The Trust Funds have established an audit procedure that
16  involves a review of payroll records as well as a test of internal
17  controls in the employer's bookkeeping system.  The audit
18  procedure is intended to provide the basis of an opinion,
19  according to generally accepted auditing standards, by the
20  independent certified public accounting firm who perform the
21  audits whether appropriate contributions have been made for all
22  compensable hours.

23      11.  The Trust Funds have demanded that Employer permit audit
24  entry for the period of August 1, 2006 through January 31, 2007.
25  Employer has refused to provide all of the records requested to
26  complete this audit.  In particular, the Trust Funds have demanded
27  records for the month of September 2006 which the employer has
28  failed to produce.  In the absence of such audit and review of

Employer's books and records as demanded, plaintiffs are not able

to determine whether or not Employer has fully met all of its

obligations to report and pay trust fund contributions for each of

its employees.  Plaintiffs have no adequate or speedy remedy at

law.

12.  Employer further agreed to pay the cost of the audit if

the audit shows that it owes the lesser of $500.00 or 5% of all

contributions due during the period covered by the audit.  In

addition, Employer also agreed that if it failed or refused to

permit audit entry as required by the aforementioned agreements,

Employer would be responsible for all of the costs caused by that

failure to provide records, even if the audit shows no money due.

13.  On or about July 9, 2007, a partial audit of the books

and records was completed.  This audit revealed more fringe

benefit contributions were not submitted to the Trust Funds for

the months of August, October and November 2006.  This partial

audit shows the $14,589.56 is due to the Trust Funds as of March

20, 2008, as shown in Exhibit 1, attached hereto and incorporated

by reference as though fully set forth; and that sum is due and

owing together with interest at the rate of 12% per annum from

March 20, 2008 until paid.  Additionally, the employer is

obligated to pay the cost of the audit in the amount of $2,602.00.

14.  It has been necessary for plaintiffs to engage counsel

for the purpose of enforcing Employer's obligations under the

aforementioned agreements.  By said agreements, Employer agreed to

pay attorneys' fees and costs expended by the Trust Funds in

securing compliance, in addition to any other relief provided by

the court.  Plaintiffs are entitled to reasonable attorneys' fees,

1  auditor's fees, and other reasonable expenses incurred in

2  connection with this matter due to the failure of defendant to

3  submit to audit entry as demanded by plaintiffs.

4      15.  Plaintiffs have complied with all conditions on their

5  part to be performed under the terms of the collective bargaining

6  agreement and the trust agreements.

7      WHEREFORE, plaintiffs pray judgment against Employer as

8  follows:

9      1.  For an order compelling Employer to submit to a complete

10  audit as requested and to allow the inspection of the books,

11  records, papers and reports as set out in the audit request;

12      2.  For such damages by way of additional contribution

13  shortages, liquidated damages and interest as are disclosed by

14  complete audit;

15      3.  For the sum of $14,589.56, plus interest on the whole

16  sum due at the rate of twelve percent (12%) per annum from March

17  20, 2008 until paid as provided under the Plan and 29 U.S.C.

18  §1132(g)(2);

19      4.  For the sum of $2,602.00 for the cost of performing the

20  audit, plus interest at the rate of twelve percent (12%) per annum

21  from March 20, 2008 until paid as provided under the Plan and 29

22  U.S.C. §1132(g)(2);

23      5.  For reasonable attorneys' fees; and

24

25

26

27

28

1      6.  For cost of suit and such other further relief as the

2  Court deems just and proper.

3

4  Dated:  April 15, 2008       McCARTHY, JOHNSON & MILLER
                            LAW CORPORATION

5

6                          By:  /S/LORI A. NORD
                              LORI A. NORD

7                              Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**
**UA Local No. 343 Trust Funds**
**v. Ramcon**

| Work Month | Fringe Benefits | Liquidated Damages | Subtotal | Interest to 3/20/08 | Total |
|---|---|---|---|---|---|
| 8/06 | 4,795.90 | 959.00 | 5,754.90 | 1,035.88 | 6,790.78 |
| 10/06 | 4,035.46 | 807.09 | 4,842.55 | 774.81 | 5,617.36 |
| 11/06 | 1,580.74 | 316.15 | 1,896.89 | 284.53 | 2,181.42 |
| TOTALS: | 10,412.10 | 2,082.24 | 12,494.34 | 2,095.22 | 14,589.56* |

*Interest continues to accrue on this sum at the rate of twelve percent (12%) per annum from March 20, 2008 until paid as mandated by 29 U.S.C. § 1132(g)(2) and the terms of the Agreements.

1      <u>DECLARATION OF SERVICE BY MAIL</u>

2          I am a citizen of the United States and a resident of the

3  State of California.  I am over the age of eighteen years and not

4  a party to the within matter.  My business address is 595 Market

5  Street, Suite 2200, San Francisco, California  94105.

6          I am familiar with the practice of McCarthy, Johnson &

7  Miller Law Corporation for collection and processing of

8  correspondence for mailing with the United States Postal Service.

9  It is the practice that correspondence is deposited with the

10 United States Postal Service the same day it is submitted for

11 mailing.

12         I served the following document by placing a true copy of

13 each such document for collection and mailing, in the course of

14 ordinary business practice, with other correspondence of McCarthy,

15 Johnson & Miller Law Corporation, located at 595 Market Street,

16 Suite 2200, San Francisco, California  94105, on the date set

17 forth below, enclosed in a sealed envelope with postage fully

18 prepaid, addressed in the manner set forth immediately below this

19 declaration.

20         Documents served:

21          **FIRST AMENDED COMPLAINT FOR AUDIT ENTRY AND FOR MONEY**

22         I declare under penalty of perjury that the foregoing is

23 true and correct.

24         Dated at San Francisco, California, on April 15, 2008.

25         By: <u>/S/Jan Proudfoot</u>
              Jan Proudfoot

26

27 Ramcon Company, Inc.
   1659-C Industrial Road
28 San Carlos, CA 94070

FIRST AMENDED COMPLAINT FOR AUDIT ENTRY AND FOR MONEY          Page 10