```
 1  McCARTHY, JOHNSON & MILLER
         LAW CORPORATION
 2  LORI A. NORD, ESQ., #87993
    DIANE SIDD-CHAMPION, ESQ. #78140
 3  595 Market Street, Suite 2200
    San Francisco, CA  94105
 4  Telephone:  (415) 882-2992

 5  Attorneys for Plaintiffs
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND STEAMFITTERS MANAGED HEALTH CARE TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 343 PENSION TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NOS. 343 AND 355 DEFINED CONTRIBUTION PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 343 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; AND BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 343 LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,<br><br>           Plaintiffs,<br><br>  v.<br><br>RAMCON COMPANY, INC., A CALIFORNIA CORPORATION<br><br>           Defendant.<br>_____ | **No. CV 08 1170 JCS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT BY COURT**<br><br>(F.R.C.P. 55 (b)(2), L.R. 230)<br><br>**Date:    July 11, 2008**<br>**Time:    9:00 A.M.**<br>**Place:   Courtroom A,**<br>**            15th Floor** |

### I.

### INTRODUCTION

Defendant was served with Plaintiffs' complaint on March 18, 2008 and the amended complaint on April 15, 2008.  Plaintiffs' Request that the Clerk of the Court enter default against the defendant on the complaint and amended

complaint under F.R.C.P. 55(a) was filed with the Court on May 13, 2008, and the defendant's default was entered that same day. Plaintiffs now move the Court to dispose of this matter expeditiously by granting a judgment by default.

## II.

### DEFENDANT'S FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE JUSTIFIES ENTRY OF A DEFAULT JUDGMENT

F.R.C.P. 55(b)(2) provides that judgment by default may be entered by the Court. Entry of default judgment on liability issue is justified where defendant fails to comply with pretrial orders and rules of civil procedure. Gulf Oil Co. v. Bill's Farm Center, Inc., 449 F.2d 778 (8th Cir. 1971). Defendant has failed to answer the complaint within the time period provided by law such that a default has been properly entered and consequently the defendant is deemed to have admitted to the allegations in the complaint. Furthermore, plaintiff's entitlement to an audit of defendant's books and records is clear under the relevant agreement and case law. See, Central States, Southeast and Southwest Area Pension Fund v. Central Transport, Inc., 472 U.S. 559, 86 L.Ed. 2d 447, 105 S.Ct. 2833 (1985). See, also, Declaration of Lori A. Nord, filed herewith.

Costs and attorneys' fees are mandated by 29 U.S.C. § 1132.

The Court should, therefore, enter a judgment by default against defendant as requested herein.

////
////
////
////

## III.

## CONCLUSION

For the reason stated above, the Court should enter a judgment by default on the merits of this case.

Respectfully submitted,

Dated: May 30, 2008        By: _____
                               LORI A. NORD
                               Attorneys for Plaintiffs