```
McCARTHY, JOHNSON & MILLER
    LAW CORPORATION
LORI A. NORD, ESQ., #87993
DIANE SIDD-CHAMPION, ESQ. #78140
595 Market Street, Suite 2200
San Francisco, CA  94105
Telephone:  (415) 882-2992

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND STEAMFITTERS MANAGED HEALTH CARE TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 343 PENSION TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NOS. 343 AND 355 DEFINED CONTRIBUTION PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 343 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; AND BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 343 LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,<br><br>         Plaintiffs,<br><br>   v.<br><br>RAMCON COMPANY, INC., A CALIFORNIA CORPORATION<br><br>         Defendant.<br>_____ | **No. CV 08 1170 JCS**<br><br>**DECLARATION OF LORI A. NORD REGARDING STATEMENT OF AMOUNTS OWED, AND AWARD OF ATTORNEY'S FEES (F.R.C.P. 55 b)(2), L.R. 230)**<br><br>**Date:     July 11, 2008**<br>**Time:     9:00 A.M.**<br>**Place:    Courtroom A,<br>          15th Floor** |

I, LORI A. NORD, declare as follows:

1.  I am one of the attorneys for the plaintiffs in the above-entitled action and am familiar with all proceedings in this action as well as the facts on which the action is based.

2.  Attached hereto as Exhibit "A," "B," "C," " D" "E" and "F" are true and correct copies of the First Amendment to the Plumbers

and Steamfitters Managed Health Care Trust (Exhibit A) and Section 3.07 of the Trust Agreement (Exhibit B), the First Amendment and Section 3.07 to the U.A. Local No. 343 Pension Trust Agreement (Exhibits C & D), the First Amendment to the U.A. Local No. 343 Apprenticeship Training Fund Trust Agreement (Exhibit E), and Article I, Section 8 of the U.A. Local No. 343 Labor-Management Cooperation Committee Trust Agreement (Exhibit F). These provisions provide for the assessment of liquidated damages and interest on delinquent contributions and for the award of attorneys' fees and costs incurred in collection cases such as these by plaintiffs.

3. Attached hereto as (Exhibits "G & "H") are true and correct copies of Article IV, § 4.4.04 of the Plumbers and Steamfitters Managed Health Care Trust Fund Trust Amended Trust Agreement (Exhibit "G") and Article IV, § 4.4.04 of the U.A. Local 343 Pension Trust Fund (Exhibit H). In addition to the authority provided by ERISA to audit employers, these provisions provide the plaintiffs with authority to audit individual signatory employers, such as the defendant, to determine whether such employer is accurately reporting and paying all contributions owing to the plaintiffs.

4. I have investigated the facts of this case and certify that there is a good claim for relief against defendant. To the best of my information and belief, defendant Ramcon Company, Inc., is not in the military service of the United States.

5. As of March 20, 2008, the defendant owed plaintiffs $14,589.56 in fringe benefits, liquidated damages and interest. (See Exhibit "1" to the Amended Complaint). Interest continues to accrue on that sum from March 20, 2008 until paid at the rate of

1  twelve percent (12%) per annum, or $4.80 per day, under the terms of
2  the Trust Agreements and as mandated by 29 USC § 1132(g)(2). The
3  interest which has accrued on that sum through May 30 2008 is
4  $335.76, making the total due as of this date $14,925.32.
5     6.  Plaintiffs have incurred the following costs in connection
6  with this lawsuit:
7         Court filing fee            :  $350.00
8         Fee for service of Complaint:   100.00
9                            Total:  $450.00
10
11    7.  Plaintiffs have also incurred, and are continuing to incur
12 attorneys' fees in connection with the collection of fringe benefits
13 owed by defendant. Attorneys' fees are assessable under 29 U.S.C.
14 § 1132(g), which requires award of reasonable attorneys' fees and
15 costs of the action to a trust fund or employee benefit plan which
16 has a judgment in its favor.
17    8.  I was admitted to practice in 1979, and have handled cases
18 involving fringe benefit contributions since April 1980. Diane Sid-
19 Champion was admitted to practice in 1977 and has handled these
20 types of cases since 1986. My firm's current customary hourly
21 charge for these types of cases is currently $240.00 - $250.00 per
22 hour for our attorney time.
23    9.  Plaintiffs were or will be billed $240.00 an hour for 7.9
24 hours of attorney time for our services in this case through May 30,
25 2008. This time was incurred in communications and correspondence
26 with the defendant, clients, auditor, Secretary of State, California
27 Contractors State License Board and Court as well as drafting all
28 pleadings in the case. Plaintiffs have or will be billed a total

of $1,896.00 for fees incurred through May 30, 2008. The reasonable amount of attorneys' fees incurred by Plaintiffs in this case is thus $1,896.00.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on May 30, 2008 in San Francisco, California.

By: _____
    LORI A. NORD
    Attorneys for Plaintiffs

# PLUMBERS AND STEAMFITTERS MANAGED HEALTH CARE TRUST FUND
## TRUST AGREEMENT

## FIRST AMENDMENT

It is hereby agreed by the parties hereto that Section 3.06 of Article III of the Trust Agreement be amended to read in its entirety as follows:

3.06 <u>Liquidated Damages and Interest</u>
Insofar as the regular and prompt payment of Employer Contributions are concerned, the parties recognize that time is of the essence. The parties further recognize that the actual damages to the Trust Fund for any delay in, or default of, an Employer in making an Employer Contribution would be extremely difficult, if not impossible, to determine. The parties therefore agree that if an Employer fails to make an Employer Contribution on or before the due date established by the Trustees, there shall be added, as liquidated damages, and not as a penalty, 10% of the Contributions due, which amount shall be due and payable on the date that the Contributions were due. In addition, all late contributions and liquidated damages shall bear interest at a rate of 12% per annum, from the date each was due, until paid. The Employer shall remain liable for the payment of the liquidated damages and interest, even if it makes late full payment of the required fringe benefit contributions, unless waived by the Board of Trustees.
The parties further agree that if the Trust Fund files a legal action to collect unpaid Contributions or unpaid liquidated damages, the liquidated damages for any Contributions still unpaid on the date the legal action is filed shall be increased to 20% of the contributions due. For any late Contribution to be deemed paid prior to the filing of a legal action, the Trust Fund must have received cash, a cashier's check, a certified check, or a money order, or, in the case of an ordinary check, received actual payment into the Trust Fund's account from the Employer's bank by the end of the last business day before the day on which the lawsuit is filed. Notwithstanding any provisions to the contrary herein, or any provision in any Collective Bargaining Agreement which provides for contributions to this Fund, this Section shall supersede and govern the assessment and collection of liquidated damages, interest and collection costs due to this Fund.
In addition to the foregoing, it shall not be a violation of any Collective Bargaining Agreement for the Union to refuse to man a job or to withdraw employees from the job or jobs of a delinquent Individual Employer.

IN WITNESS THEREOF, the parties hereto have executed, by their officers or duly authorized representatives, this Amendment on the dates indicated below.

Plumbing, Heating, and Cooling
Contractors of Napa, Solano
and Lake Counties

By _____

Date  1-24-95

U. A. Local No. 343

By _____

Date  2-2-95

Mechanical Contractors Association
of Northern California, Inc.

By _____

Date  1-29-95

PLUMBERS AND STEAMFITTERS MANAGED HEALTH CARE TRUST FUND
TRUST AGREEMENT - FIRST AMENDMENT - Page 2